IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARK SCHWARZER, #1433741, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-89-JDK-JDL |
| CLERK OF COURT REBA D. SQUYRES, et al., | § § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mark Schwarzer, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On March 11, 2022, the Court severed Plaintiff's claims against Defendants found in other divisions and based on alleged actions occurring in those divisions, and transferred those claims to the Lufkin Division of the Eastern District of Texas. Docket No. 3. Also on that date, the Magistrate Judge issued a Report recommending that the remaining claims before this Court be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) due to the Defendants' judicial immunity from suit and Plaintiff's failure to state a claim against them. Docket No. 4. A copy of this Report

1

was sent to Plaintiff, who has filed written objections.  Docket Nos. 6, 7.[1]

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a magistrate judge's report must specifically identify those findings to which he objects.  Frivolous, conclusory, or general objections need not be considered by the district judge.  *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc).  Furthermore, objections that simply rehash or mirror the underlying claims addressed in the report are not entitled de novo review.  *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

---

[1]  It appears that Plaintiff sent identical filings to this Court and to the Lufkin court; both have been docketed in this case.

The remaining Defendants in this case are three state court judges on the Twelfth Court of Appeals who, as a panel, denied relief on a "corrected writ of mandamus" that Plaintiff filed in that court. Judge Love recommends dismissal of the claims against them because their ruling in Plaintiff's state court litigation was a judicial act for which they are protected by judicial immunity. Docket No. 4 at 5–6. Judge Love also finds that, although Plaintiff characterizes Defendants' ruling as a "cover up" and the culmination of a conspiracy to deny his rights, he does not allege any specific facts to support a conspiracy claim. *Id.* at 6–7. Plaintiff's re-hashing of those issues in his objections is unavailing. His position essentially remains that Defendants were "obviously" part of a conspiracy against him based solely on their ruling in his case. Docket No. 6 at 6. But for the reasons explained by the Magistrate Judge, that speculation does not overcome judicial immunity and does not state a claim for conspiracy.

Plaintiff also complains in his objections about matters that are immaterial to the bases for the Magistrate Judge's recommendation. For example, he claims that he was "unlawfully convicted and wrongfully confined" by a trial court "rife with corruption from a biased detective, malicious prosecutors, and a judge who altered the transcripts to hide judicial errors." Docket No. 6 at 2. But Plaintiff cannot challenge his conviction and sentence in this § 1983 suit. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Plaintiff complains that "over thirty men lost their lives" in prison due to the Covid-19 pandemic. *Id.* at 7. But he also cannot sue to vindicate the rights of other inmates or their estates. *Gregory v. McKennon*, 430 F. App'x 306, 310 (5th

Cir. 2011) ("Gregory would lack standing to seek § 1983 damages for violations of other prisoners' rights."); *Dudley v. Niell*, No. 3:15-CV-1434-D-BK, 2015 WL 6855635, at *4 (N.D. Tex. Oct. 9, 2015), *report and recommendation adopted*, No. 3:15-CV-1434-G (BK), 2015 WL 6809296 (N.D. Tex. Nov. 6, 2015) ("Pro se litigants cannot sue on behalf of other pro se litigants.").

Finally, Plaintiff asserts that the severed claims should not have been transferred to Lufkin "when it is highly probable those officials are friendly with the Angelina officials." Docket No. 6. The Court considers this portion of the objections under Federal Rule of Civil Procedure 72(a). Under Rule 72(a), a party may object to a non-dispositive order of the magistrate judge for review by the district judge for findings that are "clearly erroneous or contrary to law." In this case, the order to sever and transfer claims was neither clearly erroneous nor contrary to law. An alleged probability that defendants are "friendly" with one another does not require that their cases be joined or dictate that defendants in other divisions must defend a lawsuit in an inconvenient venue.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 4) as the opinion of the District Court. The Court **OVERRULES** Plaintiff's objections to the order severing and transferring certain claims and Plaintiff's objections to the Report

and Recommendation.  Plaintiff's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A.

So **ORDERED** and **SIGNED** this **6th**   day of  **April, 2022.**

*[signature]*
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE